FILED
2020 Oct-02  PM 02:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **STEPHEN EVANS AS** | ) |
| **ADMINISTRATOR OF** | ) |
| **THE ESTATE OF DONALD** | ) |
| **MARK EVANS,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) **CASE** |
| **v.** | ) **NUMBER: _____** |
| | ) |
| **LIFE INSURANCE COMPANY** | ) |
| **OF NORTH AMERICA,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

Comes now the Plaintiff, Stephen Evans as Administrator of The Estate of Donald Mark Evans, and hereby files its Complaint against Life Insurance Company of America.

## PARTIES

1.    Donald Mark Evans was an insured under Group Disability Income Policy for employees of Pemco World Air Services identified as Policy Number VDT-0960243 ("the Plan"), who was improperly denied disability benefits under the Plan.  Mr. Evans is now deceased and Stephen Evans as Administrator of The

Estate of Donald Mark Evans ("The Estate") brings this claim for the improperly denied benefits.

2.     Defendant, Life Insurance Company of North America ("Cigna"), is the Administrator of the Plan. Upon information and belief, Cigna is a foreign corporation which conducts business generally in the State of Alabama and specifically within this District.

## JURISDICTION AND VENUE

3.     This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.  Plaintiff asserts claims for long term disability ("LTD") benefits, enforcement of ERISA rights and statutory violations of ERISA under 29 U.S.C. § 1132, specifically, Plaintiff brings this action to recover benefits due to it pursuant to 29 U.S.C. §1132(a)(1)(B) and to enforce Plaintiff's rights under the Plan pursuant to 29 U.S.C. §1132(a)(3). This Court has subject matter jurisdiction under ERISA without respect to the amount in controversy or the citizenship of the parties.  29 U.S.C. §§ 1132(a), (e)(1) and (f) and 28 U.S.C. § 1131. Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b).

## INTRODUCTION

4.     The Plaintiff in this case was subjected to improper claim handling procedures by Cigna as it exploited the shortcomings of ERISA as it relates to claims

for "welfare" benefits to avoid paying Plaintiff's valid claim for disability benefits. The traditionally held purpose of the ERISA statute is "to promote the interest of employees and their beneficiaries in employee benefit Plans." *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 90 (1983). Plaintiff, as an employee insured for disability, was supposed to be treated as a beneficiary by Cigna as a statutory fiduciary. Instead, Cigna has breached those duties and victimized Plaintiff by engaging in improper claim handling procedures. As described in more detail below, Cigna has clearly engaged in bad faith claim handling and Plaintiff, at minimum, is entitled to *de novo* review and all relief that ERISA provides.

## STATEMENT OF FACTS

5.     Plaintiff was an insured for benefits under the Plan. Cigna is the administrator of the Plan. The Plan provides insureds, like Plaintiff, LTD benefits and was in full force and effect at all times relevant to this Complaint.

6.     At all relevant times, Plaintiff was employed by Pemco World Air Services and was a covered participant in the Plan, as defined in 29 U.S.C. § 1002(7) and under the terms and conditions of the Plan.

7.     Plaintiff was employed by Pemco World Air Services as a Training Manager until his disabilities forced him to stop working on or about September 25, 2015.

8.     As a Training Manager, Plaintiff's job duties required focused

concentration and exceptional skill. His job duties included developing training plans and curricula, researching and developing course material, and conducting training courses. Plaintiff's job required the ability to perform work utilizing a computer for extended periods of time.

9.     Plaintiff's medical disabilities included a brain tumor, brain cancer, chronic headaches, bipolar disorder and depressive disorder. The symptoms of his impairments and the side effects of the medications and treatment prescribed rendered Plaintiff unable to perform his own or any occupation from September 25, 2015 through his death on September 6, 2017.

10.     Plaintiff underwent a surgical resection of his grade 3 anaplastic astrocytoma on January 28, 2016.

11.     Following his surgery, Plaintiff received six (6) radiation treatments between March 2, 2016 and April 8, 2016.

12.     Plaintiff submitted a Report of Claim to Cigna on April 21, 2016. In his Report of Claim, Plaintiff listed the following as preventing him from working: "unable to drive, taking radiation & chemo & other complications from brain surgery & cancer."

13.     In a May 2, 2016 statement, Oncologist Dr. Bryce Hough ("Dr. Hough") indicated that Plaintiff was unable to return to work due to brain cancer. Further, Dr. Hough noted that Plaintiff was incapable of driving or running any

4

machinery.

14.    By letter dated May 26, 2016, Cigna wrongfully denied Plaintiff's LTD benefits.

15.    The Plan at issue, as governed by ERISA and relied upon to deny Plaintiff's long term disability benefits states, in part:

> "The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
> 1.  Unable to perform the material duties of his or her Regular Occupation; and
> 2.  Unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation."

16.    By letter dated August 29, 2016, Plaintiff appealed Cigna's wrongful denial of his LTD benefits.

17.    By letter dated September 9, 2016, Plaintiff, by and through counsel, informed Cigna that he wished to submit additional records and evidence to support his appeal.

18.    By letter dated February 1, 2017, Plaintiff, by and through counsel, submitted an appeal of Cigna's wrongful denial of his LTD benefits. Plaintiff included with his appeal letter medical records outlining the decline of his condition, in addition to a letter from Plaintiff's treating physician, Dr. Mohamed Elhammady ("Dr. Elhammady").

19.    In his letter, Dr. Elhammady indicated that Plaintiff presented to him in January 2016 with more than one year history of cognitive decline as well as

confusion, headaches, and left-sided weakness. Dr. Elhammady noted that the type of mass he removed from Plaintiff's brain on January 28, 2016 was slow growing and tends to invade surrounding tissue. Dr. Elhammady stated to a reasonable degree of medical certainty that Plaintiff's tumor had been present and developing for several months and perhaps even a year prior to its January 2016 discovery/removal.

20.   By letter dated August 16, 2017, Plaintiff, by and through counsel, sought an update on the status of his pending appeal, stating "the cognitive decline and behavioral changes Plaintiff seemed to suffer several months prior to his denial were entirely consistent with the size and type of tumor he was eventually found to have."

21.   Unfortunately, on September 6, 2017, Plaintiff Mr. Evans tragically passed away due to the same condition which originally caused his underlying disability claim.

22.   On January 22, 2018, Stephen Evans as Administrator of The Estate of Donald Mark Evans, by and through counsel, wrote to Cigna seeking an update on Cigna's review of its claim.

23.   By letter dated April 18, 2018, Plaintiff, by and through counsel, once again sought an update on Cigna's review of its claim. In this letter, counsel for Plaintiff stated that he was informed by Cigna that the claim would be resolved one year prior.

24.     By letter dated May 25, 2018, Plaintiff, by and through counsel, sought an update on Cigna's review of his claim.

25.     By letter dated January 29, 2019, Plaintiff, by and through counsel, once again sought an update on the status of its claim.

26.     In letter dated February 12, 2019, Cigna acknowledged receipt of Plaintiff's February 1, 2017 appeal, and indicated that an additional authorization form must be executed.

27.     Cigna's February 12, 2019 letter came more than two (2) years after receipt of Plaintiff's appeal. Cigna's failure to respond to repeated inquiries regarding the status of the claim constitute breaches of its fiduciary duty.  On its face, such conduct is arbitrary and capricious.

28.     Despite providing proof of disability both before the denial of benefits and throughout the appeals process, Cigna refused to award Plaintiff's LTD benefits and issued its final denial by letter dated March 20, 2019.

29.     Plaintiff, by and through counsel, responded by letter dated March 25, 2019, refuting the basis of Cigna's denial.

30.     As of this date, Plaintiff has been denied benefits rightfully owed to it under the Plan.

31.     The Plan at issue, as governed by ERISA and relied upon to deny Plaintiff's long term disability benefits states, in part:

**Survivor Benefit**

The Insurance Company will pay a Survivor Benefit if an Employee dies while Monthly Benefits are payable. The Employee must have been continuously Disabled for the Survivor Benefit Waiting Period before the first benefit is payable. These benefits will be payable for the Maximum Benefit Period for Survivor Benefits.

32.     Plaintiff met and continued to meet the Plan's definition of disabled from September 25, 2015 through his death on September 6, 2017.

33.     Plaintiff has exhausted any applicable administrative review procedures and its claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

34.     Cigna's refusal to pay benefits has caused tremendous financial hardship on Plaintiff and exacerbated the financial strain on Plaintiff's conditions during his final months.

## STANDARD OF REVIEW

35.     A denial of benefits challenged under 29 U.S.C. § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit Plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the Plan.

36.     When discretionary authority is clearly granted and the insurer of an ERISA plan also acts as a claims administrator, there is a structural or inherent conflict of interest that mandates a heightened arbitrary and capricious standard of review.

37.     Upon information and belief, the Plan does not grant discretionary authority to determine eligibility for benefits to Cigna or to any other entity who may have adjudicated Plaintiff's claim. Therefore, the Court should review Plaintiff's claim for benefits under a *de novo* standard.

38.     Upon information and belief, Cigna evaluated and paid all claims under the LTD Plan at issue, creating an inherent conflict of interest.

39.     Cigna has failed to comply with the letter of the claims procedures outlined in ERISA and therefore Plaintiff's claim for benefits should be reviewed by this Court under a *de novo* standard.

40.     In the alternative, if the Court finds that Cigna is entitled to the heightened arbitrary and capricious standard of review, the denial of Plaintiff's benefits constitutes a clear abuse of discretion as Cigna's decision to deny Plaintiff's LTD benefits was arbitrary and capricious.

## DEFENDANT'S WRONGFUL AND UNREASONABLE CONDUCT

41.     Cigna has wrongfully denied LTD benefits to Plaintiff, in violation of the policy provisions and ERISA, for the following reasons:

(a) Plaintiff was totally disabled from on or about September 25, 2015 through his death on September 16, 2017, in that he was prevented from performing all of the material and substantial duties of his occupation;

(b) Plaintiff is entitled to disability benefits under the terms of the Plan, as

Plaintiff met the Plan's definition of disability during the relevant time period and had otherwise met the conditions precedent of the Plan for coverage and entitlement to benefits;

(c) Cigna failed to accord proper weight to the evidence in the administrative record showing that Plaintiff was totally disabled;

(d) Cigna's interpretation of the definition of disability contained in the Plan is contrary to the plain language of the Plan, unreasonable, arbitrary, capricious, and otherwise violated the standards required by ERISA;

(e) Cigna failed to obtain and consider relevant information pertaining to Plaintiff's disability before it made a final determination on his claim for LTD benefits;

(f) Cigna wrongfully denied Plaintiff a full, fair, and impartial review of his benefits claim pursuant to 29 C.F.R § 2560.503-1(h)(1), by ignoring the overwhelming weight and credibility of evidence submitted and instead behaved as an adversary, looking instead for less credible evidence of marginal significance to support its goal of denying his benefits claim;

(g) Cigna failed to give proper weight to Plaintiff's own accounts regarding the debilitating effects of his pain;

(h) Cigna ignored the records and opinions of Plaintiff's treating physicians which show that Plaintiff was totally disabled.

(i) Cigna failed to exercise reasonable flexibility in its claims review process to assure Plaintiff a full, fair review, well-reasoned, and principled of his claim;

(j) Cigna failed to notify Plaintiff of its benefit determination within the timelines set forth in 29 C.F.R § 2560.503-1(f)(3);

(k) Cigna administered Plaintiff's claim for LTD benefits while acting under an inherent and substantial conflict of interest in that Cigna served as both fiduciary of and funding source for the Plan, and placed its own pecuniary interests above Plaintiff's interests in wrongfully denying his LTD benefits and failing to administer the Plan as an impartial decision-maker, free of such conflict of interest, would;

(l) Cigna made erroneous interpretations of some evidence in violation of its obligation to discharge its duties with care, prudence, skill, and diligence;

(m) Cigna acted in bad faith by failing to administer the Plan honestly, fairly and in good faith, and to at all times act in Plaintiff's best interests;

(n) Cigna failed to support the denial of benefits with substantial evidence;

11

(o) Cigna failed to consider Plaintiff's non-exertional limitations caused by his disability, such as the side effects of his prescribed medication, his ability to regularly attend work, and the effect his disability had on his concentration, persistence and pace when performing the material duties of his occupation;

(p) Cigna's denial of Plaintiff's LTD benefits failed to provide a detailed explanation and the basis of its disagreement with the opinions of Plaintiff's treating physicians;

(q) Cigna demonstrated a predisposition to deny Plaintiff's LTD benefits regardless of the medical evidence it did receive, and, denied the claim prior to the receipt of medical evidence Cigna anticipated would support Plaintiff's claim for LTD benefits;

(r) Cigna wrongfully denied Plaintiff's LTD benefits in such other ways to be shown through discovery and/or hearing.

42.    As a result of the foregoing, the relief to which Plaintiff is entitled includes (1) payment of back benefits from September 25, 2015 to the date of his death on September 6, 2017, (2) survivor benefits, (2) pre-judgment interest, (4) equitable relief, including declaratory and injunctive relief, to redress Cigna's practices that are violative of the Plan and ERISA, and to enforce the terms of the Plan and ERISA, and (6) and award of attorney's fees and costs pursuant to 29

U.S.C. § 1132(g).

## CAUSES OF ACTION

### COUNT ONE
### ERISA (Claim for Benefits Owed under Plan)

43.     Plaintiff hereby incorporates by reference each and every fact as if it was restated herein.

44.     At all times relevant to this actions, Plaintiff was a participant of the Plan underwritten by Cigna and issued to Pemco World Air Services and was eligible to receive disability benefits under the Plan.

45.     As more fully described above, the refusal to pay Plaintiff's benefits under the Plan for the period from at least on or about September 25, 2015 through September 6, 2017 constitutes a breach of Defendant's obligations under the Plan and ERISA. The decision to deny benefits to Plaintiff constitutes an abuse of discretion as the decision was not reasonable and was not based on substantial evidence.

46.     Cigna breached its fiduciary duty in taking more than two years to issue a final denial on the claim.  Because Cigna's decision was outside the time limits prescribed by ERISA, the Court should review the denial *de novo*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays the Court for the following:

1.      A judgment ordering the applicable standard of review in this case is *de novo*;

2.      A judgment ordering that by a preponderance of the evidence, the Defendant has breached its fiduciary duty to the Plaintiff by wrongfully denying his LTD benefits owed to it through the Plan;

3.      In the alternative, if the Court determines that the applicable standard of review is the heightened arbitrary and capricious standard, the Court may take and review the records of Defendant and any other evidence that it deems necessary to conduct an adequate arbitrary and capricious review and enter a judgment that Defendant's decision to wrongfully deny Plaintiff's LTD benefits was unreasonable, arbitrary and capricious, and unsupported by substantial evidence;

4.      Declaratory and injunctive relief, finding that Defendant violated the terms of the Plan and Plaintiff's rights thereunder by denying Plaintiff's LTD benefits;

5.      Declaratory and injunctive relief, finding that Defendant breached its fiduciary duties to Plaintiff; enjoining Defendant from further violations of its fiduciary duties; and directing Defendant to take all actions necessary to administer the Plan in accordance with the terms and provisions thereof and Defendant's fiduciary and other obligations arising under ERISA;

6.      A judgment ordering Defendant to pay Plaintiff's LTD benefits from September 25, 2015 through September 6, 2017 and survivor benefits is entered herein, together with pre-judgment interest on each and every such monthly payment through the date of judgment;

7.      An award of attorney's fees and costs pursuant to 29 U.S.C. § 1132(g);

8.      For such other and further relief as the Court deems just, fit and proper.

Respectfully submitted this the 2nd day of October, 2020.


*/s/ Peter H. Burke*
Peter H. Burke (ASB-1992-K74P)
pburke@burkeharvey.com
BURKE HARVEY, LLC
3535 Grandview Parkway, Suite 100
Birmingham, Alabama 35243
Phone:   205-930-9091
Fax:     205-930-9054
*Attorney for Plaintiff Stephen Evans as Administrator*
*Of The Estate of Donald Mark Evans*



**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL AT:**

Life Insurance Company of North America
c/o CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, AL  36104